[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13674
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60260-WPD-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL SPATES,
a.k.a. Monkey Clyde,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 10, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Nathaniel Spates appeals his 126-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On appeal, Spates argues that the district court erred in applying a three-level sentencing enhancement under U.S.S.G. § 3B1.1(b) based on a finding that Spates acted as a "manager or supervisor" of criminal activity that involved five or more participants.

On this record, we cannot say the district court clearly erred in determining that Spates played a managerial role in the conspiracy for which he was convicted.[1] The government presented evidence demonstrating that while Spates was incarcerated for an unrelated offense, and for a period following his incarceration, he directed several of his co-conspirators to sell drugs to his former clients. Spates argues on appeal that the evidence showed only that he suggested to his family and friends that they sell cocaine to one of his clients while he was incarcerated, without managing them in their attempts to do so. However, the record reflects Spates was actively involved in the drug transactions committed by his co-conspirators outside of his presence, that he communicated with them about

---

[1] While we review de novo the district court's interpretation and application of the Sentencing Guidelines, *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997), the district court's determination of a defendant's role in an offense is a finding of fact that we review for clear error, *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir.1999) (en banc).

the transactions, and that they conducted these drug sales on Spates's behalf. Accordingly, the district court finding that Spates was eligible for a three-level increase as manager of the scheme was not clearly erroneous, and we affirm his sentence.

**AFFIRMED.**